United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRATED SPORTS MEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ERLINDA MARGARITA MENDEZ, *et al.*, <br><br> Defendants. <br> _____/ | No. C-10-3516 PJH (EMC) <br><br> **REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT** <br><br> **(Docket Nos. 15, 30)** |

Plaintiff Integrated Sports Media, Inc. ("ISM") has filed suit against Erlinda Margarita Mendez, asserting that Ms. Mendez violated its rights as the exclusive commercial domestic distributor of a certain televised sports program. After Ms. Mendez failed to respond to the complaint, her default was entered, and ISM moved for a default judgment. Ms. Mendez then moved to set aside the default. Both motions have been referred to the undersigned for a report and recommendation. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of both parties, the Court hereby recommends that Ms. Mendez's motion be **GRANTED** and ISM's motion be **DENIED**.

## I.   FACTUAL & PROCEDURAL BACKGROUND

ISM initiated this lawsuit against Ms. Mendez in August 2010. *See* Docket No. 1 (complaint). After Ms. Mendez failed to respond to the complaint, ISM asked for entry of her default. *See* Docket No. 6 (motion). The Clerk of the Court entered her default in October 2010. *See* Docket No. 10 (notice).

Subsequently, ISM filed the currently pending motion for default judgment, *see* Docket No. 15 (motion), which was then referred to the undersigned for a report and recommendation. *See* Docket No. 17 (order). Prior to this Court's hearing on ISM's motion, Ms. Mendez filed a motion to dismiss before Judge Hamilton, the assigned judge in the case. *See* Docket No. 26 (motion). In an order issued on February 15, 2011, Judge Hamilton declined to set Ms. Mendez's motion for hearing, noting that, because Ms. Mendez's "default [had] already been entered . . . , [her] standing to seek a dismissal on the merits of the action is questionable." Docket No. 28 (Order at 1). Judge Hamilton then stated that,

> [i]f [Ms. Mendez] wishes to proceed with her defense of the instant action and/or have the motion to dismiss heard . . . , [she] must first (1) file an opposition to the motion for default judgment; and then (2) seek to set aside the clerk's entry of default against the judgment. No action will be taken by the undersigned until [Ms. Mendez] has first complied with these requirements.

*Id.*

Subsequently, a hearing on ISM's motion for default judgment was held before this Court. Ms. Mendez, proceeding pro se, made an appearance at the hearing. The Court reviewed with Ms. Mendez the above steps specified by Judge Hamilton and then set deadlines for Ms. Mendez to oppose the motion for default judgment and to file a motion to set aside the entry of default. The Court then continued the hearing on ISM's motion. *See* Docket No. 29 (civil minutes).

Ms. Mendez complied with Judge Hamilton and this Court's orders by filing (1) an opposition to the motion for default judgment and (2) a motion to set aside the entry of default. *See* Docket No. 31 (opposition); Docket No. 30 (motion). On May 4, 2011, a hearing on both the motion for default judgment and the motion to set aside the entry of default was held before this Court. Ms. Mendez, still proceeding pro se, made an appearance at the hearing, accompanied by her daughter who provided translation services.

## II.  DISCUSSION

The Court addresses first the motion to set aside the entry of default because, if this motion were to be granted, then the motion for default judgment would be moot.

As a preliminary matter, the Court notes that, arguably, the motion to set aside should be granted given the terms of Judge Hamilton's order of February 15, 2011. *See* Docket No. 28 (order). Ms. Mendez having done what Judge Hamilton ordered her to do, there is a strong argument that her motion to set aside should be granted as a matter of course, as even ISM conceded at the hearing.

Out of an abundance of caution, however, the Court also evaluates Ms. Mendez's motion on the merits pursuant to the standards laid out in the Federal Rules of Civil Procedure. Under Rule 55(c), a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Under Ninth Circuit case law, a court considers three factors in determining whether there is good cause: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; or (3) whether reopening the default judgment would prejudice the plaintiff. *See United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). A court may set aside a default if *any* of the three factors are true. *See id.* (emphasizing that the factors are disjunctive). Underlying the above analysis is the fact that there is a strong public policy in favor of resolving a case on its merits. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) (noting that default judgments are generally disfavored so that, "[w]henever it is reasonably possible, cases should be decided upon their merits").

The Court acknowledges that Ms. Mendez has not made any real argument of substance with respect to the second factor.[1] Notwithstanding such, the Court finds that the two remaining factors

---

[1] The second factor is not as stringent as it might appear. Most courts have indicated that the issue with respect to the second factor is "not whether there is a likelihood that the defaulting party will prevail on the defense, but rather whether a defense is proposed that is legally cognizable and, if proved at trial, would constitute a complete defense to the claims." 55 Moore's Fed. Prac. – Civ. § 55.70[2][d]. *See, e.g.*, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993) ("The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."); *Berthelsen v. Kane*, 907 F.2d 617, 621-22 (6th Cir. 1990) ("Resolving the ambiguous evidence in favor of the defendant, he has stated a meritorious defense. Likelihood of success on the merits is not the measure of whether the defendant presents a meritorious defense. If he 'states a defense good at law, then a meritorious defense has been advanced.'"); *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989) ("The 'meritorious defense' component of the test for setting aside a default does not go so far as to require that the movant demonstrate a likelihood of success on the merits. Rather, a party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) ("The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'").

3

both weigh in favor of setting aside the entry of default. As noted above, either factor alone is enough to set aside the default.

With respect to the first factor, the Ninth Circuit has emphasized that a defendant's conduct is culpable, as opposed to excusable, only where is an intentional failure to answer. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001).

> "Intentional" in many legal contexts means an act or omission taken by an actor knowing what the likely consequence will be. So one might think, reading this standard out of context, that a litigant who receives a pleading, reads and understands it, and takes no steps to meet the deadline for filing a responsive pleading acted intentionally in failing to answer, without more, and therefore cannot meet the culpability standard.
>
> . . . .
>
> Our cases, however, have not used the term "intentional" in [the usual] sense [*i.e.*, resulting from a conscious choice]. Instead, what we have meant is something more like, in the words of a recent Second Circuit opinion addressing the same issue, "willful, deliberate, or evidence of bad faith." Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not "intentional" under our default cases, and is therefore not *necessarily* – although it certainly may be, once the equitable factors are considered – culpable or inexcusable.

*Id.* at 697-98 (emphasis in original). The Ninth Circuit has "typically held that a defendant's conduct was culpable . . . where there is *no* explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698 (emphasis added).

In the instant case, Ms. Mendez has adequately met her burden of showing that she did not engage in culpable conduct. As Ms. Mendez explains in her declaration, she received the complaint on September 21, 2010. *See* Mendez Decl. ¶ 4. However, she does not speak or read English, nor has she ever defended against a lawsuit before. *See id.* ¶ 3. Once she learned, with the help of friends and family, that the complaint was a notice of a lawsuit, she met with an attorney on October 28, 2010, to find out what she needed to do to defend herself. *See id.* ¶ 5. The attorney told her that she needed to file a motion to dismiss and that he could prepare such a motion for $1,000. Ms. Mendez paid the attorney $1,000 to do so. *See id.* ¶¶ 6-7. It was not until February 2011 that Ms. Mendez learned that the attorney had never filed the motion. *See id.* ¶ 8. Not knowing that her

1  default had been entered back in October 2010, Ms. Mendez proceeded to file the motion to dismiss
2  on her own. *See id.* ¶ 9. Since that time, Ms. Mendez has complied with Judge Hamilton's and this
3  Court's orders (by filing an opposition to the motion for default judgment and also filing her motion
4  to set aside the entry of default) and made appearances at hearings. Accordingly, the Court
5  concludes that Ms. Mendez's failure to respond to the complaint was not culpable conduct – *i.e.*, it
6  was not part of an effort "to obtain strategic advantage in the litigation." *TCI*, 244 F.3d at 698.

   As for the third factor, *i.e.*, prejudice to the plaintiff, the Ninth Circuit has stated that "the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered'" – *e.g.*, "'the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion.'" *Id.* at 701. The court explained:

> It should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so. A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation.

*Id.*

   In the instant case, there is no apparent prejudice to ISM if the default were to be set aside. *See* Opp'n at 8 (speculating that there is a "*possibility* of a loss of evidence or increased difficulties of discovery") (emphasis added). As noted above, the complaint was not served on Ms. Mendez until late September 2010, and Ms. Mendez filed her motion to dismiss in February 2011. Thus, the delay here was at best only a few months.

///
///
///
///
///
///

5

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Ms. Mendez's motion to set aside the entry of default be granted and ISM's motion for default judgment be deemed moot.

Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

Dated: May 11, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTEGRATED SPORTS MEDIA, INC.,   No. C-10-3516 PJH (EMC)

    Plaintiff,

  v.

**CERTIFICATE OF SERVICE**

ERLINDA MARGARITA MENDEZ, *et al.*,

    Defendants.
_____/

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Erlinda Margarita Mendez
3193 Mission Street
San Francisco, CA 91410

Dated: May 11, 2011                    RICHARD W. WIEKING, CLERK

                                        By:     /s/ Leni Doyle
                                                    Leni Doyle
                                                    Deputy Clerk