UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTEGRATED SPORTS MEDIA, INC.,

    Plaintiff(s),

    v.

ERLINDA MARGARITA MENDEZ, et al.,

    Defendant(s).

_____/

No. C 10-3516 PJH

**ORDER GRANTING MOTION FOR DE NOVO REVIEW OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; RULING ON MOTIONS; AND SETTING CASE MANAGEMENT CONFERENCE**

    The court has reviewed the Report and Recommendation ("Report") re: plaintiff's motion for default judgment and defendant's motion to set aside the default. On May 24, 2011, plaintiff timely filed objections to the Report and filed a motion for de novo determination of the following portions of the Report: recommending that default be set aside because defendant's filing of the motion to set aside satisfied an order of the court; misapplying the "good cause" test to set aside entry of default; finding that defendant satisfied "good cause" to set aside the entry of default; and finding that plaintiff's application for default judgment was moot. Pursuant to 28 U.S.C. § 636(b)(1) and FRCP 72(b), the court GRANTS plaintiff's motion for de novo review of those portions of the Report (docket no. 40).

I.    Motion to Set Aside Entry of Default

    The factual and procedural background of this action are set forth in the Report. The Report recommends that defendant's motion to set aside the entry of default be granted on the ground that defendant filed a motion to set aside pursuant to the court's

February 15, 2011 order, or on the alternate ground that plaintiff's motion satisfied the standard for showing good cause to set aside entry of default pursuant to FRCP 55(c).

### A. Filing by Defendant

Plaintiff's objection to the first ground that defendant's "motion to set aside should be granted as a matter of course" is sustained. In its February 15 order, the court instructed defendant, appearing pro se, on the procedures to set aside the entry of default against her, but did not issue an advisory ruling on whether any such request would be granted. The court therefore declines to adopt the portion of the Report recommending that the default should be set aside based on defendant's mere filing of the motion to set aside.

### B. Legal Standard

In the alternative, the Report recommends that defendant's motion to set aside be granted on the merits. The Report correctly states that under FRCP 55(c), a court may set aside entry of default for good cause and cites the three-factor test to determine good cause as set forth in United States v. Mesle, 615 F.3d 1085 (9th Cir. 2010): "To determine 'good cause,' a court must 'consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." Id. at 1091 (quoting Franchise Holding II v. Huntington Rests. Group, Inc., 375 F.3d 922, 925 (9th Cir.2004)). The Report errs, however, by applying the Mesle test to "set aside a default if any of the three factors are true." Mesle held that the three-factor standard is disjunctive "such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." 615 F.3d at 1091 (emphasis added). Because the Report incorrectly applied the Mesle standard to determine that any factor alone is sufficient to set aside the default, plaintiff's objection to this portion of the Report is sustained and the court declines to adopt this portion of the Report.

C.   Good Cause to Set Aside Entry of Default

The court proceeds to determine whether defendant meets the good cause standard to set aside entry of default under Mesle. As the party seeking relief from the entry of default, defendant bears the burden of showing that the three factors set forth in Mesle favor such relief. See Franchise Holding II, 375 F.3d at 926.

1.   Culpable Conduct

First, the court agrees with the Report's determination that defendant did not engage in culpable conduct that led to the default. See Report at 4-5. In Mesle, the court of appeals stated the following standard for culpability: "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." 615 F.3d at 1092. Mesle adopted the standard for culpability set forth in TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), requiring the defendant to have "acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" 615 F.3d at 1092. Under this standard, Mesle declined to attribute intentionality to an unrepresented defendant's mere failure to answer a complaint, holding that such a stringent culpability standard was reserved for a "legally sophisticated entity or individual" who is presumed to have "an understanding of the consequences of its actions." Id. at 1093 (citing Franchise Holding II, 375 F.3d at 924).

The court adopts the findings of the Report that defendant has demonstrated that she does not speak or read English and has never before defended against a lawsuit. Further, defendant has demonstrated that after she learned that the complaint was a notice of a lawsuit she hired an attorney to prepare a motion to dismiss, but that he failed to do so. Such conduct does not demonstrate an intentional failure to answer or respond to the complaint. Therefore, the court determines that defendant has not engaged in culpable conduct under Mesle. See United States v. $35,017 in United States Currency, 2010 WL 3619794, *3-4 (N.D. Cal. Sept. 9, 2010) (delay by unrepresented claimants in responding to civil forfeiture action did not amount to culpable conduct).

### 2. Meritorious Defense

To satisfy the meritorious defense requirement, "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." See Mesle, 615 F.3d at 1094. The burden to show a meritorious defense in support of a motion to set aside "is not extraordinarily heavy." Id. The movant need only "allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation is true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" Id. (quoting TCI Group, 244 F.3d at 700). Further, the meritorious defense requirement is more liberally applied on a Rule 55(c) motion to set aside entry of default than on a Rule 60(b) motion to set aside default judgment. See id. at 1091 n.1 (quoting Cracco v. Vitran Exp., Inc., 559 F.3d 625, 631 (7th Cir.2009)). "This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend." Id. (citation omitted).

Defendant does not present specific facts to support a defense, but in light of the record, the court finds that defendant has demonstrated a willingness to appear in this action and defend herself against the allegations of the complaint. Defendant attempted to file a motion to dismiss that the court determined to be procedurally deficient and substantively improper because it was filed after default had been entered. For the limited purpose of determining whether defendant has demonstrated good cause to set aside default, the court takes judicial notice that in her motion to dismiss, defendant challenges the complaint on the ground that it fails to "allege any facts supporting the allegation that said program was intercepted, received, published, exhibited, divulged, displayed and/or exhibited besides mere conclusory language." Docket no. 27 at 2. Liberally construed, defendant's challenge to the allegations of the complaint for failure to state a claim is a legally cognizable defense.

The Report does not make any finding or recommendation with respect to a meritorious defense. Having reviewed the record, the court determines that defendant has

satisfied her burden to show that she has demonstrated a meritorious defense under the lenient standard set forth in Mesle.

### 3. Prejudice

The Report sets forth the proper legal standard for determining whether setting aside the default would prejudice the plaintiff. See Report at 5. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether plaintiff's ability to pursue his claim will be hindered.'" TCI Group, 244 F.3d at 701 (citation and quotation marks omitted).

The court agrees with the Report's finding that there is no apparent prejudice to plaintiff if the default were to be set aside. Defendant delayed about five months in responding to the complaint after she was served, and the delay would not result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Id. (citation and quotation marks omitted). As the Ninth Circuit stated in TCI Group, "[i]t should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. . . . [V]acating the default judgment merely restores the parties to an even footing in the litigation." Id. Here, where default judgment has not been entered, the lack of prejudice to plaintiff favors granting the motion to set aside entry of default.

The three factors in the good cause analysis under Mesle favor setting aside the entry of default pursuant to FRCP 55(c). Further, the court considers the strong public policy that generally disfavors default judgments in favor of resolving a case on its merits. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). Accordingly, defendant's motion to set aside the default against her is GRANTED (docket no. 30).

II. Motion for Default Judgment

Having set aside the entry of default against defendant, the court DENIES plaintiff's motion for default judgment as moot (docket no. 15). Plaintiff's objection to that portion of the Report is overruled. Accordingly, the Report and Recommendation (docket no. 39) is terminated.

III.  Case Management

A case management conference will be held on June 16, 2011, at 2:00 p.m. Case management statements shall be filed seven days before the conference. Please refer to the August 11, 2010, ADR Scheduling Order for the required contents of a case management statement.

Future filings shall comply with Civil Local Rule 3-4(c)(2) which requires footnotes to conform to the font requirements for printed text.

**IT IS SO ORDERED.**

Dated:  May 27, 2011

PHYLLIS J. HAMILTON
United States District Judge