UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTEGRATED SPORTS MEDIA, INC.,

    Plaintiff,

    v.

ERLINDA MARGARITA MENDEZ,

    Defendant.

_____/

No. C 10-3516 PJH

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

On August 25, 2014, plaintiff Integrated Sports Media, Inc. ("plaintiff") filed the present motion to alter or amend this court's judgment, awarding a total of $3,000 in statutory and enhanced damages.

Plaintiff's motion is unclear as to whether it challenges only the $1,000 award of statutory damages, or whether it also challenges the $2,000 award of enhanced damages. In either case, the court finds that plaintiff has already raised the arguments presented in its motion, both in its original motion for default judgment (before Magistrate Judge Beeler) and in its objections to Judge Beeler's report and recommendation (before this court).

Specifically, in the order adopting the report and recommendation, this court noted that Judge Beeler found that there was "'no indication' that defendant was a repeat offender, and no allegations or evidence that defendant increased food/beverage prices or had an increased number of patrons on the day of the offense," and thus "recommended a statutory damages award that represented plaintiff's actual losses." See Dkt. 67. In its objections, plaintiff "recognize[d] that certain Northern District court have utilized the commercial licensing fee to calculate statutory damages," but "request[ed] that this court decline to accept that approach." See Dkt. 66-1 at 4. The court overruled that objection,

and adopted the report and recommendation.

Plaintiff now similarly argues that "the general approach the Northern District has taken to piracy is out of sync with the suggestions of the Ninth Circuit." The court disagrees, and declines to take the approach urged by plaintiff.

Plaintiff also argues that an award in the amount of an unpaid license fee "underestimates plaintiff's actual loss." However, plaintiff does not explain how it incurred losses beyond the amount of the license fee. Instead, plaintiff appears to be arguing that the damages award should exceed the amount of the license fee so that it will deter would-be infringers. And, indeed, in the report and recommendation, Judge Beeler found evidence to support the inference that defendant "willfully intercepted and exhibited the program," and, in light of that "willful misconduct and the goal of deterring future violations," the court recommended "an enhanced damages award of $2,000 – twice [plaintiff's] actual losses." See Dkt. 63 at 10.

In short, plaintiff has provided no new arguments in this motion, and instead simply requests a larger damages award. Additionally, plaintiff has failed to establish that the court committed clear error or that there has been an intervening change in the controlling law, nor has plaintiff presented any newly-discovered evidence to justify a Rule 59 remedy. Given that plaintiff's arguments have already been considered and rejected, plaintiff's motion to alter or amend judgment is DENIED, and the October 29, 2014 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: September 18, 2014

PHYLLIS J. HAMILTON
United States District Judge

2